IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BOBBY SMITH, JR., AIS # 207658, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-CV-694-WKW |
| | ) | [WO] |
| DR. DARBOYFE and THE STATE, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Bobby Smith, Jr., an inmate proceeding *pro se*, filed a 42 U.S.C. § 1983 complaint on August 18, 2026.[1] (Doc. # 1.) Along with his complaint, Plaintiff submitted an application for leave to proceed *in forma pauperis* (Doc. # 2) and a copy of his prisoner trust fund account statement (Doc. # 3). Based on the financial information submitted by Plaintiff, an initial partial filing fee of $23.37 was assessed on September 8, 2026. (Doc. # 4 ("September 8 Order").) The September 8 Order set a deadline of September 29, 2026, for Plaintiff to pay the initial partial filing fee and expressly cautioned that his failure to comply would result in dismissal of this case. (Doc. # 4 at 2, 5.)

---

[1] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Absent evidence to the contrary, the court "assume[s] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014). Plaintiff signed and dated his complaint "Aug. 18th 2026." (Doc. # 1 at 4.) Therefore, the complaint is deemed filed on August 18, 2026, even though it was not received by the court until September 2, 2026.

The deadline imposed by the September 8 Order has passed, and Plaintiff has not paid the initial partial filing fee as directed. Because Plaintiff has failed to comply with the September 8 Order, this case is due to be dismissed without prejudice. A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up), *cert. denied*, --- S. Ct. ----, 2026 WL 1203391 (May 4, 2026). However, the Eleventh Circuit has instructed that before dismissing an action for a prisoner's failure to pay a court-ordered initial partial filing fee, the district court must take reasonable steps to determine whether the prisoner attempted to comply with the order, such as by authorizing payment by prison officials. *See Wilson v. Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002) (per curiam). Giving Plaintiff a reasonable opportunity to respond to a show-cause order satisfies this requirement. *See id.* at 1321.

Based on the foregoing, it is ORDERED that Plaintiff shall show cause, if there be any, on or before **October 19, 2026**, why this action should not be dismissed without prejudice for his failure to pay the $23.37 initial partial filing fee as directed.

If funds have been dispersed from Plaintiff's account in the time since the initial partial filing fee was assessed, and the funds are no longer available to him, Plaintiff must arrange for payment of the fee upon receipt of additional funds in his account.

If Plaintiff is unable to pay the initial partial filing fee, he must inform the court and request an extension of time to pay the fee.

Plaintiff is reminded that he must inform the court and Defendants (or, if represented, Defendants' counsel) of any change in his address within 14 days following such change of address. Plaintiff is CAUTIONED that his failure to comply with any provision of this Order will, without further notice, result in dismissal for failure to prosecute and comply with an order of the court.

DONE this 5th day of October, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE