IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BOBBY SMITH, JR., AIS # 207658, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-CV-694-WKW |
| | ) | [WO] |
| DR. DARBOYFE and THE STATE, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Bobby Smith, Jr., an inmate proceeding *pro se*, initiated this action by filing a 42 U.S.C. § 1983 complaint on August 18, 2026.[1] (Doc. # 1.) Along with his complaint, Plaintiff submitted an application for leave to proceed *in forma pauperis* (Doc. # 2) and a copy of his prisoner trust fund account statement (Doc. # 3). Based on the financial information submitted by Plaintiff, an initial partial filing fee of $23.37 was assessed on September 8, 2026. (Doc. # 4 ("September 8 Order").) The September 8 Order set a deadline of September 29, 2026, for Plaintiff

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Absent evidence to the contrary, the court "assume[s] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (per curiam). Plaintiff signed and dated his complaint "Aug. 18th 2026." (Doc. # 1 at 4.) Therefore, the complaint is deemed filed on August 18, 2026, even though it was not received by the court until September 2, 2026.

to pay the initial partial filing fee and expressly cautioned that his failure to comply would result in dismissal. (Doc. # 4 at 2, 5.)

The deadline passed, and Plaintiff did not pay his initial partial filing fee as directed. By Order dated October 5, 2026, Plaintiff was instructed to show cause by October 19, 2026, why this action should not be dismissed for his failure to prosecute and comply with a court order. (Doc. # 5 ("October 5 Order").) On October 19, 2026, mail sent to Plaintiff containing the October 5 Order was returned to the court as undeliverable with the notations, "Return to Sender, Not Deliverable as Addressed, Unable to Forward." (Doc. # 6.)

Based on the return of the mail containing the October 5 Order and after confirming that Plaintiff was still incarcerated at Kilby Correctional Facility (*see* Doc. # 7 at 2 & n.2), an Order was issued on November 3, 2026, directing that the October 5 Order be resent to Plaintiff. (Doc. # 7 ("November 3 Order").) The November 3 Order also extended the deadline for Plaintiff to show cause for his failure to pay the initial partial filing fee to November 17, 2026, and warned Plaintiff that his failure to timely file a response would result in dismissal. (Doc. # 7 at 2, 3.)

The deadline has passed, and to date, Plaintiff has not responded to the November 3 Order. Consequently, this action will be dismissed without prejudice.

A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and

expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306 (11th Cir. 2025) (cleaned up), *cert. denied*, 146 S. Ct. 2622 (2026). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

Because Plaintiff has failed to comply with the November 3 Order, despite its express directives and warnings, this action will be dismissed without prejudice. No lesser sanction would be effective.

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final judgment will be entered separately.

DONE this 24th day of November, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE